UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,                                      Hon. Robert J. Jonker

v.                                                     Case No. 1:23-cv-842

ADOBE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 12), Plaintiff's Motion to Expedite Hearing on Default Judgment (ECF No. 19), and Defendant's Motion to Set Aside Default (ECF No. 21). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion for default judgment be denied, Plaintiff's motion to expedite be dismissed as moot, and Defendant's motion to set aside default be granted.

Plaintiff initiated this action against Adobe alleging that he is the victim of a data breach by Defendant. (ECF No. 1). As a result of this alleged compromise of his personal information, Plaintiff has asserted numerous state law claims. Service was purportedly accomplished on Defendant on September 19, 2023. (ECF No. 8). Because Defendant failed to timely respond to the complaint default was entered against Adobe on October 12, 2023. (ECF No. 11). Plaintiff immediately thereafter filed two motions:

-1-

(1) motion for default judgment and (2) motion to disqualify the judges assigned to this case. (ECF No. 12-13). The Honorable Robert J. Jonker denied Plaintiff's disqualification motion. (ECF No. 13). Plaintiff appealed this decision to the Sixth Circuit, which dismissed the matter for want of jurisdiction. (ECF No. 17-18). Presently before the Court are the motions identified above. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

The Court will initially address Defendant's motion to set aside default as resolution of such resolves all the motions before the Court. When assessing a motion to set aside a default, the Court considers the following factors: (1) whether the default was willful or culpable; (2) whether setting aside the default would prejudice Plaintiff; and (3) whether Defendant has a meritorious defense to Plaintiff's claims. *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2012); *Al Qassimi Academy v. Abuhaltam*, 2023 WL 10947214 at *1 (W.D. Mich., Sept. 26. 2023).

Defendant has presented evidence that it was not properly served with Plaintiff's complaint. (ECF No. 21, PageID.76-78). Specifically, Defendant has established that Plaintiff's complaint was not served upon the individual designated as Adobe's registered agent for service, but was instead served upon a legal specialist employed by Adobe. Defendant asserts that it was unaware that default had been entered against it until it received Plaintiff's motion to expedite hearing. (*Id.*).

This latter assertion begs the question why Defendant was unaware of the present action until only recently. An examination of Plaintiff's litigation history, however, provides an answer. This is not the first time Plaintiff has initiated action against Adobe in this Court. *See Sifuentes v. Adobe*, 1:23-cv-143 (W.D. Mich.). This previous action was ultimately dismissed, shortly after which Plaintiff initiated the present action. While the previous action was dismissed prior to the initiation of the present action, Plaintiff continued filing motions in the previous action well after initiating the present action. Thus, Plaintiff was, practically speaking, pursuing two actions against Adobe simultaneously. As a result, Adobe mistakenly, but not unreasonably, mistook Plaintiff's filings in this case as pertaining to his previous lawsuit.

In short, the Court finds that Defendant's failure to timely respond to the complaint was neither willful nor culpable, but was instead premised upon an understandable mistake. The Court further finds that Plaintiff will not be prejudiced by setting aside the default. The case was only recently filed and no discovery or other activity has occurred or been ordered. Moreover, Adobe likely has a meritorious defense to Plaintiff's claims as outlined in their motion.

Accordingly, the undersigned recommends that Defendant's motion to set aside default be granted. Considering this recommendation, the undersigned recommends that Plaintiff's motion for default judgment be denied. *See, e.g., Price v. Howard*, 2011 WL 1212238 at *1 (W.D. Mich., Jan. 18, 2011) (entry of default is a prerequisite to entry

of default judgment). Finally, the undersigned recommends that Plaintiff's motion to expedite be dismissed as moot.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default Judgment (ECF No. 12) be denied, Plaintiff's Motion to Expedite Hearing on Default Judgment (ECF No. 19) be dismissed as moot, and Defendant's Motion to Set Aside Default (ECF No. 21) be granted. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 5, 2024    /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge