UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

               Plaintiff,

v.

ADOBE,

               Defendant.

_____/

Hon. Robert J. Jonker

Case No. 1:23-cv-842

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Leave to File a Response to Complaint Out of Time (ECF No. 40); Defendant's Motion to Dismiss (ECF No. 41); Defendant's Motion for Sanctions (ECF No. 42); Plaintiff's Motion to Appoint Counsel (ECF No. 47); and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 56). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's Motion for Leave and Motion to Dismiss be granted. The undersigned further recommends that the remaining motions be denied.

## **BACKGROUND**

Plaintiff is a frequent pro se litigant in this district. He initiated this action against Adobe alleging that he was the victim of a data breach by Defendant. (ECF No. 1).[1] The alleged data breach occurred in 2013. Plaintiff alleges that he learned of the data breach in November 2022 after he obtained a report from Credit Karma.

---

[1] This is Plaintiff's second lawsuit against Defendant. *See Sifuentes v. Adobe*, No. 1:23-cv-143 (W.D. Mich.).

Based on the alleged data breach, Plaintiff has asserted numerous state law claims against Adobe and sought $250,300,000 in damages.

## ANALYSIS

### I.    Motion for Leave to File a Response to Complaint Out of Time

Defendant first requests leave to respond to Plaintiff's complaint out of time. The record establishes that Defendant did not timely respond to Plaintiff's complaint, which led to default being entered against it.   (ECF No. 11).   On July 16, 2024, the Court set aside the default after finding that Defendant's failure to timely respond to the complaint was neither willful nor culpable, but instead was premised upon an understandable mistake.   (ECF No. 34 at PageID.138; ECF No. 26 at PageID.101). For the same reasons the Court previously set aside the default, the undersigned recommends granting Defendant's Motion for Leave to File a Response to Complaint Out of Time.   Notably, Defendant's untimeliness was neither willful nor culpable. Instead, Defendant's untimeliness was due to it "mistakenly, but not unreasonably," believing that Plaintiff's filings in this case pertained to a previous lawsuit.   (ECF No. 26 at PageID.101).   Accordingly, the undersigned will analyze Defendant's Motion to Dismiss.

### II.    Motion to Dismiss

Defendant moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.   It argues that dismissal is appropriate because Plaintiff has not met his burden to establish standing nor

provided a short and plain statement of the claim as required under Rule 8 of the Federal Rules of Civil Procedure.

"[S]tanding is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). To establish standing, a plaintiff must demonstrate (1) that he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to a defendant; and (3) the injury is likely to be redressed by the relief sought. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 61 (1992).

In addition, under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.*

When considering a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Furthermore, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

Here, Plaintiff does not allege any concrete injury from the data breach.  He is concerned that hackers have his personal information and has "trouble sleeping" worrying about "what else hackers stole and can steal from his information." (ECF No. 1 at PageID.10).  As the Court previously noted, "Plaintiff clearly believes that the existence of a data breach concerning a company in which he holds an account gives rise to a data breach claim.  But as set out in *Reilly* [*v. Ceridian Corp.,* 664 F.3d 38, 44 (3d Cir. 2011)] this is incorrect." *Sifuentes v. Dave Inc.*, No. 23-cv-984 (W.D. Mich.), ECF No. 13 at PageID.8.  Plaintiff's allegation of a data breach alone is insufficient to raise above the speculative level to an injury in fact.  *Id.*  "There is simply no way that Plaintiff can demonstrate the injury in fact and traceability necessary for Article III standing in a data breach claim against [Adobe] on the facts alleged."  *Id.*

In addition, the undersigned finds that Plaintiff's conclusory assertions regarding the amount in controversy, unconnected to any factual allegations appear to be rote assertions not made in good faith.   The sole basis of subject matter jurisdiction in Plaintiff's complaint is diversity jurisdiction.   Plaintiff alleges that the data breach caused him $300,000 of actual damages for injuries caused by emotional distress.   The complaint is devoid of any factual allegations beyond a bare allegation of a data breach and the existence of harm.   *See, e.g., Turman v. Equifax, Inc.*, 2020 WL 1493859 at *3 (N.D. Ohio, Mar. 27, 2020) ("the mere averment of the amount claimed to be in controversy is not enough to confer jurisdiction").   This is not enough to survive principles of *Twombly* and *Iqbal*.   To the contrary it is emblematic of that which the Supreme Court determined would not suffice to pass muster under Rule 8. A review of the Complaint reflects that it is an "unadorned, the-defendant-unlawfully-harmed-me accusation" that offers nothing more than "labels and conclusions" with "naked assertions" "devoid of further factual enhancement.   *Iqbal*, 556 U.S. at 678.

"Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).   Plaintiff has not asserted any concrete, particularized injury.   His speculative filing is simply too vague and conclusory to state a claim upon which relief may be granted.   Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be granted.

### III.    Motion for Leave to File an Amended Complaint

Plaintiff also seeks leave to file an amended complaint.    Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).    The Court should deny leave to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citations omitted).    Futility exists if the proposed amended complaint could not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).    Here, Plaintiff's proposed amended complaint fails to state a claim for the same reasons discussed above.    Accordingly, the undersigned recommends that the Motion for Leave to File an Amended Complaint be denied. [2]

### IV.    Motion to Appoint Counsel

Plaintiff requests the appointment of counsel.    Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-

---

[2] In his motion, Plaintiff contends that he can amend his complaint as a matter of course. Plaintiff is incorrect. Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course no later than either (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier. Plaintiff did not file his proposed amended complaint within 21 days after service of Defendant's Motion to Dismiss.

05 (6th Cir. 1993).    The Court may, however, request an attorney to serve as counsel, in the Court's discretion.    *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.    In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel.    *See Lavado*, 992 F.2d at 606.    The Court has carefully considered these factors and determines that the assistance of counsel is not necessary.

## V.    Motion for Sanctions

Defendant requests additional sanctions against Plaintiff.    Defendant specifically asks the Court to enjoin Plaintiff from further filings in this case without leave of court and that Adobe be relieved of any obligation to respond to any future complaint filed by Plaintiff in this district, unless and until the Court expressly orders a response to any such future complaint.

Having reviewed the record, the undersigned finds that further sanctions are not warranted at this time.    Contrary to Defendant's assertion, this case did not "fall through the cracks."  (ECF No. 42, PageID.172).    Plaintiff had already filed this complaint and had been permitted to proceed *in forma pauperis* before the Court issued its order imposing filing restrictions.    Given these circumstances, the undersigned does not believe that further sanctions are warranted in this proceeding.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Leave (ECF No. 40) and Motion to Dismiss (ECF No. 41) be granted.   The undersigned further recommends that the remaining motions (ECF Nos. 42, 47, and 56) be denied.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: February 11, 2025            /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge