UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

        Plaintiff,

                                    CASE No. 1:23-CV-842

v.

                                    HON. ROBERT J. JONKER

ADOBE,

        Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

### INTRODUCTION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 61) and Plaintiff's Objection to the Report and Recommendation (ECF No. 63). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).   De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.   *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections.    After its de novo review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This lawsuit is one of several cases Plaintiff filed in this district against various business entities alleging that his personal information had been exposed in data breaches at each company.[1] In the instant Complaint, Plaintiff sues Adobe.    Plaintiff alleges that sometime in November 2022, he received an alert from a credit monitoring service of a 2013 data breach involving Defendant's accounts.    His complaint invokes California and Michigan state law and further cites to a bevy of various torts that, he says, have all been violated by Defendant's actions.    The defense—which successfully sought to set aside an initial default—moves for leave to respond to the complaint out of time (ECF No. 40); to dismiss Plaintiff's Complaint (ECF No. 41) and for sanctions (ECF No. 42).    Plaintiff opposes the motions (ECF Nos. 44, 45, and 46).    And he has also sought to appoint counsel (ECF No. 47) and for leave to file an amended complaint (ECF No. 56).    In the main, the proposed amended complaint (ECF No. 56-1) simply restyles the original pleading.    Plaintiff maintains that he his personal information was accessed during a data breach at Adobe; that Adobe failed to timely notify him of the breach; and he has suffered damages as a result under a number of state law torts.

---

[1] In a recent decision, this Court has summarized the three rounds of data breach lawsuits Plaintiff has filed in this district.    *See Sifuentes v. Pluto TV*, No. 1:23-cv-1013 ECF No. 26 (W.D. Mich. Jan. 21, 2025).

The Magistrate Judge recommends granting the first two defense motions and denying the remainder of the motions.    (ECF No. 61).    Plaintiff has timely filed objections to the Report and Recommendation.    (ECF No. 63).[2]

## LEGAL STANDARDS AND DISCUSSION

Under Federal Rule of Civil Procedure, 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).    As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).    This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.    Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial

---

[2] Plaintiff has also filed a motion to voluntarily dismiss this action.  (ECF No. 64).  In his objections, however, he expressly seeks to withdraw this motion.  (ECF No. 63, PageID.281). Accordingly, the motion to withdraw is dismissed as moot.

> experience and common sense. But where the well-pleaded facts do
> not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged— but it has not "show[n]"—
> "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Even giving the instant Complaint the liberal construction it is due given Plaintiff's pro se status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), it fails to satisfy the *Twombly/Iqbal* standard because it contains nothing more than legal conclusions.    Indeed, it appears to present a paradigmatic example of an "unadorned, the-defendant-unlawfully-harmed-me accusation" which is insufficient to state a cause of action.    *See Iqbal*, 556 U.S. at 678.    Plaintiff's Complaint alleges that Defendant suffered a data breach and that unauthorized access to his personal information was gained.    There is little more than that.    To be sure Plaintiff provides an assortment of conclusory assertions that the alleged breach constituted a violation of the various causes of action he invokes.    But as a panel of the Sixth Circuit Court of Appeals has recently remarked, such scant allegations and conclusory claims for relief do not satisfy the pleading standards of Rule 8.    *See Sifuentes v. Cellco Partnership*, No. 24-1725 (6th Cir. Jan. 24, 2025) (noting that a conclusory allegation that the defendant violated the Truth in Billing Act "by failing to provide clear and accurate billing information regarding the Administrative Charges" did not satisfy the pleading requirements under Federal Rule of Civil Procedure).    The same deficiencies are present here.    There is not even an attempt to lay out any factual allegations about Defendant's security measures, or how they may have been inadequate.    Nothing in the proposed amended complaint changes things.    To the contrary, it only contains more deficiencies because it fails to properly allege complete diversity of citizenship.    (See ECF No. 56-1, PageID.240).    Accordingly, the Magistrate Judge was quite right when he observed that the proposed amendment is futile.

As the Magistrate Judge also correctly observed, the allegations with respect to amount in controversy fail to satisfy the Court of its subject matter jurisdiction. The applicable rule in a diversity case is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction." *Mosley v. Equifax, Inc*., No. CV 19-11226, 2019 WL 2539349, at *1 (E.D. Mich. June 20, 2019) (citing *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)). In this case, Plaintiff says he seeks compensatory and punitive damages of $335,000. But the Court cannot find that the claim is made in good faith.

Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach. *Jennings v. Ford Motor Co.*, 56 F.3d 64 (6th Cir. 1995) (unpublished disposition) (citing *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)). In this case, Plaintiff has entirely failed to allege any facts that would demonstrate he could meet the jurisdictional threshold, much less the amount he seeks. Even under the most generous reading, Plaintiff's complaint—and his proposed amendment—for damages is purely speculative and devoid of any allegations whatsoever to support his request for compensatory and punitive damages.[3] That is not enough to allege a plausible claim for damages. In fact, Plaintiff's

---

[3] Plaintiff provides no authority, even in his objections, for his claim that he is entitled to punitive damages, which are generally unavailable under Michigan law. *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 400 (2006) (Punitive damages are generally not recoverable in Michigan unless expressly authorized by statute.). Even if they could somehow be available to Plaintiff, "such damages must bear some relationship to his actual damages." *See Mosley*, 2019 WL 2539349, at *2 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor.")). There is nothing here to tether a claim for punitive damages to any actual damages.

request for damages is similar to those he musters in other complaints and which other courts have determined did not allege a plausible claim that he suffered damages in the claimed amounts.    *See Sifuentes v. Capital One*, No. 23-4088, 2023 WL 6060382, at *4 (10th Cir. Sept. 18, 2023).

In sum, the request for compensatory and punitive damages is excessive in comparison to the scant facts alleged in support of the claim and the Court agrees with the Magistrate Judge that this evidences a lack of good faith.

## OBJECTIONS

Nothing in Plaintiff's Objections changes things.    His substantive dispute with the Magistrate Judge's analysis simply expresses disagreement with the Magistrate Judge.    But the Court agrees with the Magistrate Judge that the motion to dismiss should be granted, for the very reasons articulated by the Magistrate Judge.    Beyond that, Plaintiff musters several structural complaints to how this lawsuit, and others he has filed in this district, have been handled by this court, as well as by courts in the Eastern District of Michigan and the Sixth Circuit Court of Appeals.    But as has now been repeatedly pointed out to him, Plaintiff is factually and legally wrong about all of it.

Plaintiff argues that the Magistrate Judge lacked jurisdiction to issue a Report and Recommendation in this matter.    Under Plaintiff's read of things, he has declined to consent to the Magistrate Judge and—absent his consent—the Magistrate Judge could not perform any action at all.    Indeed he argues any mention on the docket sheet about a Magistrate Judge is improper. That is simply incorrect.    *See Sifuentes v. Pluto TV*, No. 1:23-cv-1013 (W.D. Mich. Jan. 21, 2025) (ECF No. 26, PageID.129) ("As the Court has now repeatedly explained to Plaintiff, consent is only required when a magistrate judge conducts all proceedings in a case, including determining dispositive motions and entering judgment.").    Under Section 636(b) of the Federal Magistrates

Act, an Article III judge may designate a magistrate judge to conduct hearings and to submit "proposed findings of fact and recommendation for the disposition" of certain dispositive matters—such as a recommendation that the Court dismiss a case.    *See* 28 U.S.C. § 636(b)(1)(B). Plaintiff vehemently believes that the parties' consent is required before the Court may so designate, but that is not what the statute says.    *See Sifuentes v. Laser Access LLC,* No. 1:23-CV-144, 2024 WL 4721694, at *2 (W.D. Mich. Oct. 22, 2024) (Beckering, J.) (rejecting identical contentions).

Plaintiff proceeds to claim that even if magistrate judges in general can issue reports and recommendations without consent, the Magistrate Judge in this case could not because the Magistrate Judge—along with all the judges in this district—are biased against him and other pro se litigants.    Plaintiff reasons this is so because this Court maintains a practice of referring lawsuits filed by pro se litigants to the Magistrate Judge while the Court retains lawsuits filed by represented litigants.    Nothing here would demonstrate the type of bias warranting recusal. Plaintiff's mere displeasure with earlier rulings is no basis for judicial disqualification.    *See Liteky v. United States,* 510 U.S. 540, 547-48 (1994).    At the end of the day, Plaintiff received a de novo review of the underlying materials by a district court judge.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 61) is **APPROVED AND ADOPTED** as the Opinion of the Court to the extent specified above.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File (ECF No. 40) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (ECF No. 42) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 56) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Voluntary Dismissal (ECF No. 64) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate Judgment shall enter.


Dated:   February 26, 2025              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE